<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HECTOR SANTIAGO, | **Hon. Joseph H. Rodriguez** |
| Petitioner, | Civil No. 11-4957 (JHR) |
| v. | |
| J.T. SHARTLE, | **O P I N I O N** |
| Respondent. | |

**APPEARANCES**:

> HECTOR SANTIAGO, #41443-050
> FCI Fairton
> P.O. Box 420
> Fort Dix, NJ  08320
> Petitioner <u>Pro Se</u>

<u>RODRIGUEZ</u>, Senior District Judge:

Hector Santiago ("Petitioner"), an inmate incarcerated at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the duration of his confinement on a federal sentence.  Santiago challenges the failure of the Bureau of Prisons ("BOP") to grant him prior custody credit under 18 U.S.C. § 3585(b) for the 13 months he was on bail prior to commencement of his sentence.  Alternatively, he argues that, if the BOP properly denied prior custody credit for this period, then this Court should grant him the credit because his guilty plea was unconstitutional where he was not advised prior to entry of the plea that the 13 months he spent on bail would not be credited to his federal sentence by the BOP. This Court will summarily dismiss the Petition.  However, this Court will give Santiago 45 days to notify the Court if he agrees to have the challenge to the plea recharacterized as a motion under 28 U.S.C. § 2255 and, if so, to withdraw same and file an all-inclusive § 2255 motion.

## I.  BACKGROUND

On September 14, 2007, the United States filed a criminal complaint in this District charging Santiago with conspiracy to distribute heroin and distribution of heroin, in violation of 21 U.S.C. §§ 841(a), (b)(1)(B) and 846.  See United States v. Santiago, Crim. No. 08-0478 (JHR) (D.N.J. filed July 9, 2008).  On the same date, United States Magistrate Judge Ann Marie Donio signed a warrant for his arrest; on September 19, 2007, federal officials arrested Santiago.  On September 20, 2007, United States Magistrate Judge Joel Schneider ordered that Santiago be detained pending trial in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f).  On September 25, 2007, Santiago filed a motion for pretrial release on conditions pursuant to 18 U.S.C. § 3142(c).  By Order filed September 26, 2007, Judge Schneider ordered Santiago released on a $50,000 bond secured by 10% cash, to reside at his home with his wife and children.  On July 9, 2008, Santiago pled guilty to count one pursuant to a plea agreement.  On September 5, 2008, by consent, Santiago was ordered to continue to participate in a home confinement program, to obtain verifiable employment, and to remain in his residence from 7:00 p.m. to 8:00 a.m., or as directed by the pretrial services office or supervising officer.  On October 14, 2008, this Court sentenced Santiago to imprisonment for a term of 160 months.

On March 16, 2009, Santiago filed a motion to vacate the judgment entered October 17, 2008, pursuant to 28 U.S.C. § 2255.  See Santiago v. United States, Civ. No. 09-1334 (JHR) (D.N.J. filed Mar. 23, 2009).  He argued:  (1) counsel was constitutionally ineffective at sentencing because counsel misinformed him about a material element of the plea agreement, failed to object to the career offender enhancement and effectively conceded same, and did not understand application of the Sentencing Guidelines; (2) counsel was constitutionally ineffective

in failing to file a notice of appeal of the sentence; (3) the sentencing court failed to comply with Rule 32 of the Federal Rules of Criminal Procedure; and (4) counsel was constitutionally ineffective in advising Santiago prior to entry of the plea that, if he pled guilty, he would receive a sentence between 70 and 87 months. After conducting an evidentiary hearing on the issue of whether Santiago requested his lawyer to file a notice of appeal, by Order entered September 30, 2009, this Court found that Santiago had asked counsel to file an appeal from the sentence and ordered that the time to file an appeal be extended for 10 days from September 30, 2009. Santiago appealed. On January 21, 2010, the government filed an uncontested motion before the Court of Appeals for summary remand based on controlling precedent issued subsequent to sentencing, see United States v. Vazquez-Lebron, 582 F. 3d 443 (3d Cir. 2009). On February 19, 2010, the Court of Appeals granted the motion. By judgment entered April 28, 2010, this Court re-sentenced Santiago to a term of 84 months.

In the meantime, Santiago self-surrendered to the BOP on November 25, 2008, for service of his sentence. On December 13, 2010, Santiago submitted an informal administrative request for credit against his federal sentence for the 13 months he was released on bond. After the Warden denied his administrative remedy request, Santiago appealed to the Regional Office of the BOP, which denied the appeal on April 14, 2011, on the ground that Santiago was not entitled to prior custody credit under § 3585(b) while released. (Dkt. 1 at 25.) Santiago appealed to the Central Office. On June 17, 2011, Harrell Watts, Administrator of National Inmate Appeals, denied the appeal:

> This is in response to your Central Office Administrative Remedy Appeal in which you request prior custody credit for time spent on home confinement prior to your federal sentence.

> Our review reveals the responses of the Warden and Regional Director adequately addressed the issues raised in your appeal. The time which you are requesting be credited to your federal sentence was not spent in "official detention" as defined under Program Statement 5880.28, Sentence Computation Manual CCCA. In Reno v. Koray, 115 S. Ct. 2021 (1995), the Supreme Court upheld the interpretation of the Bureau of Prisons that time spent on home confinement under conditions of release was not "official detention" under 18 U.S.C. § 3585(b).
>
> Your federal sentence has been computed as directed by federal statute and Program Statement 5880.58.

(Dkt. 1 at 28.)

On August 25, 2011, while incarcerated at FCI Fairton, Santiago filed the § 2241 Petition presently before this Court. The Petition raises two grounds. Santiago argues: (1) the BOP violated 18 U.S.C. § 3585(b) by failing to grant him prior custody credit for the 13 months he was released on bail (from September 26, 2007, through November 24, 2008) because home confinement is tantamount to official detention; and (2) the guilty plea was unconstitutional because Santiago was not advised prior to entry of the plea that this 13 months could not be credited to his sentence by the BOP. He seeks an order reducing his sentence by 13 months and/or directing the BOP to grant him prior custody credit for the 13 months.

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to <u>sua sponte</u> dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." <u>McFarland</u>, 512 U.S. at 856. Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989); <u>see also</u> <u>McFarland</u>, 512 U.S. at 856; <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); <u>see also</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005).

### III.  DISCUSSION

A.  Prior Custody Credit Under 18 U.S.C. § 3585(b)

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction under § 2241 to consider the claim challenging the BOP's final decision because Petitioner challenges the BOP's calculation of his release date on federal grounds and he was incarcerated in New Jersey at the time he filed the Petition. See <u>Blood v. Bledsoe</u>, __ F. 3d __, 2011 WL 2689050 (3d Cir. July 12,

5

2011); Vega v. United States, 493 F. 3d 310, 313 (3d Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

This Court's review of the BOP's decision is limited to the abuse of discretion standard. See Galloway v. Warden of FCI Fort Dix, 385 Fed. App'x 59, 61 (3d Cir. 2010); Barden v. Keohane, 921 F. 2d 476, 478 (3d Cir. 1990). Under this standard, a reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious. See C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996). "[A]gency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'...." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414 (1971), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)). To make a finding that agency action was not arbitrary or capricious, or an abuse of discretion, a court must review the administrative record that was before the agency, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The Court is not empowered to substitute its judgment for that of the agency." Overton Park, 401 U.S. at 416. Reversal of agency action is warranted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]." C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

The United States Code specifies when a federal sentence commences, see 18 U.S.C. § 3585(a), and requires the BOP to award prior custody credit for time served in "official

detention" prior to commencement of the sentence, unless that time has been credited against another sentence, see 18 U.S.C. § 3585(b). Specifically, § 3585 provides, in relevant part:

> (a) **Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) **Credit for prior custody**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C.A. § 3585 (a), (b).

The claim for prior custody credit is governed by Reno v. Koray, 515 U.S. 50 (1995). In that case, prior to the commencement of Koray's federal sentence, a United States Magistrate Judge released him on bail pursuant to the Bail Reform Act, see 18 U.S.C. § 3142(c). "The order required that he be 'confined to [the] premises' of a Volunteers of America community treatment center without 'authoriz[ation] to leave for any reason unless accompanied' by a Government special agent." Koray, 515 U.S. at 53. Koray filed a habeas petition challenging the BOP's denial of his request for credit toward his federal sentence of the 150 days he spent confined to the treatment center. The Supreme Court held that a federal prisoner is not "entitled to credit against his sentence under § 3585(b) for time when he was 'released' on bail pursuant to the Bail Reform Act of 1984." Id. at 54. The Court reasoned that, "under the language of the Bail

Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" Id. at 57.

This Court holds that, under Koray, the 13 months Santiago spent on home confinement pursuant to the Bail Reform Act was not time spent in "official detention" within the meaning of § 3585(b). It follows that the BOP did not abuse its discretion in refusing to credit this time against Santiago's federal sentence. See United States v. Garcia, 362 Fed. App'x 293, 296 n.3 (3d Cir. 2010) (noting that a federal prisoner is not entitled to prior custody credit pursuant to § 3585(b) for the time he spent on home confinement while released under the Bail Reform Act).

B.  Challenge to the Guilty Plea Under § 2241

Alternatively, Santiago argues that, if § 3585(b) does not permit the BOP to grant prior custody credit for this 13 months, then his plea was unconstitutional because he was not so informed prior to entering the plea. This claim does not challenge the BOP's calculation of the sentence, but is a challenge to the sentence itself. Petitioner labeled this action as a § 2241 petition, but a challenge to a federal conviction or sentence must generally be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective."[1]  See 28 U.S.C. § 2255(e). Section 2255(e) provides:

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

8

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[2] The Court of Appeals first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to

---

[2] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct. The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final. See Bousley v. United States, 523 U.S. 614 (1998).

constitutional claims.  The Third Circuit found § 2255 inadequate and ineffective under the narrow circumstances present in that case, but cautioned:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255**.

Dorsainvil at 251 (emphasis added).

Here, Petitioner's § 2241claim - his guilty plea was unconstitutional because he was not advised prior to the plea that the 13 months he was on bail would not be credited by the BOP against the term imposed - is a challenge to the sentence that is within the scope of claims cognizable under § 2255.  Thus, Santiago may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective.  Section 2255 is not inadequate or ineffective for Petitioner's claim, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - conspiracy to distribute heroin - is now non-criminal.  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Massey v. United States, 581 F. 3d 172 (3d Cir. 2009); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).  Because § 2255 is not an inadequate or ineffective

remedy for Petitioner's claim challenging the constitutionality of his guilty plea, this Court lacks jurisdiction to entertain this claim under § 2241.

C.  Recharacterization of the Claim Challenging the Plea under § 2255

This Court cannot sua sponte recharacterize an expressly labeled § 2241 ground as a ground raised in a motion to vacate the judgment imposed on April 21, 2010, pursuant to 28 U.S.C. § 2255, without notifying Santiago of the consequences of potential recharacterization, "warn[ing him] that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provid[ing him] an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." See Castro v. United States, 540 U.S. 375, 383 (2003); see also United States v. Miller, 197 F. 3d 644 (3d Cir. 1999).  Accordingly, this Court hereby notifies Santiago that he can have his challenge to the plea recharacterized as a motion to vacate pursuant to 28 U.S.C. § 2255; if he agrees to the recharacterization, then he must so notify the Clerk in writing within 45 days of the date of the entry of the Order accompanying this Opinion.[3]  If Santiago wants this Court to recharacterize the claim challenging the plea as a ground raised in a motion under § 2255, then he must also decide whether this is the only ground he wants to raise under § 2255, or whether he wants to add additional federal claims to the § 2255 motion.  (If this Court adjudicates a § 2255 motion challenging the judgment entered April 28, 2010, then Santiago will lose his ability to file a "second or successive" § 2255 motion challenging the April 28, 2010, judgment on additional

---

[3] A court determines whether a § 2255 motion is "second or successive" by looking at "the judgment challenged." Magwood v. Patterson, 130 S. Ct. 2788, 2797 (2010).  Since a new § 2255 motion would be challenging the judgment entered April 28, 2010, on resentencing, and Santiago's prior § 2255 motion challenged the judgment entered October 17, 2008, a new § 2255 motion would not be "second or successive" because it would challenge "a new judgment for the first time." Id. at 2792.

grounds, absent certification by the Third Circuit Court of Appeals as required by 28 U.S.C. § 2255(h)).  If Santiago wants to add additional grounds under § 2255, then he should withdraw the recharacterized § 2255 motion and file an amended § 2255 motion which sets forth all federal grounds (including the challenge to the plea), and he should do so within 45 days of the date of the entry of the Order accompanying this Opinion.  See Miller, 197 F. 3d at 652.

This Court will administratively terminate the case for statistical purposes, but will give Santiago 45 days to advise the Clerk in writing that he wants this Court to recharacterize the ground challenging the guilty plea as a ground under § 2255, and to file an amended § 2255 motion which includes all federal claims; in that case, this Court will reopen the file.[4]  If Santiago notifies this Court that he disagrees with recharacterization, or if he does not respond in writing within 45 days, then there will be no recharacterization and the case will remain closed.

### IV.  CONCLUSION

This Court dismisses the Petition, subject to reopening if Petitioner notifies this Court in writing within 45 days of the date of the entry of the Order accompanying this Opinion.


       /s/ Joseph H. Rodriguez
**JOSEPH H. RODRIGUEZ**, Senior District Judge

Dated:  September 12, 2011

---

[4] If Santiago wants this Court to entertain any claim under § 2255, then he will have to deal with the 365-day statute of limitations under 28 U.S.C. § 2255(f).  The judgment of conviction was entered April 28, 2010.  The statute of limitations began 15 days later on May 13, 2010, when the time to file a notice of appeal from the judgment expired under Rule 4(b)(1)(a)(i) of the Federal Rules of Appellate Procedure.  See 28 U.S.C. § 2255(f)(1).  The limitations period ran from May 13, 2010, for 365 days until it expired on May 13, 2011.  Because Santiago did not execute the instant § 2241 Petition until August 24, 2011, if this Court were to recharacterize the challenge to the plea as a ground raised in a § 2255 motion, then the § 2255 motion would appear to be untimely in the absence of equitable tolling.  See Holland v. Florida, 130 S. Ct. 2549 (2010).