**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HECTOR SANTIAGO, | : | **Hon. Joseph H. Rodriguez** |
| Petitioner, | : | Civil No. 11-4957 (JHR) |
| v. | : |  |
| J.T. SHARTLE, | : | **O P I N I O N** |
| Respondent. | : |  |

**RODRIGUEZ**, District Judge:

Presently before the Court is the motion of Hector Santiago ("Petitioner") for reconsideration. Petitioner, an inmate incarcerated at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the failure of the Bureau of Prisons ("BOP") to grant him prior custody credit under 18 U.S.C. § 3585(b) for the 13 months he was on bail prior to commencement of his sentence. Alternatively, he argued that, if the BOP properly denied prior custody credit for this period, then this Court should grant him the credit because his guilty plea was unconstitutional where he was not advised prior to entry of the plea that the 13 months he spent on bail would not be credited to his federal sentence by the BOP.

By Order and Opinion entered September 13, 2011, this Court dismissed the Petition because the BOP did not abuse its discretion in denying Santiago's administrative request for credit against his federal sentence for the 13 months he was released on bond prior to commencement of the sentence. A federal prisoner is not "entitled to credit against his sentence under § 3585(b) for time when he was 'released'

on bail pursuant to the Bail Reform Act of 1984," Reno v. Koray, 515 U.S. 50, 54 (1995).[1] However, Santiago was given 45 days to notify the Court if he agreed to have the challenge to voluntariness of his guilty plea recharacterized as a motion under 28 U.S.C. § 2255 and was advised that, if he failed to respond within 45 days, then the Court would not recharacterize the challenge to the plea as a claim under 28 U.S.C. § 2255.

On October 12, 2011, Santiago executed a two and one-half page document entitled "PETITIONER'S NOTICE FOR CLARIFICATION OF HIS 28 USC § 2241 WRIT OF HABEAS CORPUS PETITION NOT BE RECHARACTERIZED AS A 28 USC § 2255 COMPLAINT AND FOR RECONSIDERATION UNDER Fed Rule Civ Proc 54(b)." (Dkt. 4 at 2.) Santiago states that he does not want this Court to recharacterize his challenge to the guilty plea as a claim to vacate the sentence under 28 U.S.C. § 2255. However, relying on United States v. Londono-Cardona, 759 F. Supp. 60, 63 (D. Puerto Rico 1991), he asks this Court to reconsider the dismissal of his challenge to the BOP's failure to grant him prior custody credit for the 13 months prior to commencement of the sentence while he was released on bail.

"The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A proper motion for reconsideration must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. See N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

---

[1] The Court reasoned that, "under the language of the Bail Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" Id. at 57.

This Court will grant Petitioner's motion to reconsider the dismissal of his § 2241 challenge to the BOP's decision to deny prior custody credit for the 13 months on bail. However, after reconsideration, this Court will again dismiss this claim. The case on which Petitioner relies, i.e., United States v. Londono-Cardona, 759 F. Supp. 60, 63 (D. Puerto Rico 1991), was decided in 1991, four years before the Supreme Court held in Reno v. Koray, 515 U.S. 50 (1995), that a federal prisoner is not "entitled to credit against his sentence under § 3585(b) for time when he was 'released' on bail pursuant to the Bail Reform Act of 1984." Id. at 54.

After reconsideration, the §2241 Petition will again be dismissed because Petitioner has not shown that the BOP abused its discretion in denying prior custody credit.

An appropriate Order accompanies this Opinion.

/s/ Joseph H. Rodriguez
**HON. JOSEPH H. RODRIGUEZ**,
United States District Judge

Dated: October 24, 2011