<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HECTOR SANTIAGO, | : | **Hon. Joseph H. Rodriguez** |
| Petitioner, | : | Civil No. 11-4957 (JHR) |
| v. | : | |
| J.T. SHARTLE, | : | **O P I N I O N** |
| Respondent. | : | |

**<u>RODRIGUEZ</u>**, District Judge:

Presently before the Court is Hector Santiago's motion to reconsider [Dkt. No. 7] filed on November, 7, 2011. Santiago's post-judgment motion seeks to recharacterize one ground in his 28 U.S.C. § 2241 Petition as a motion to vacate under 28 U.S.C. § 2255. For the reasons set forth below, the motion will be granted and the and the Clerk will be directed to open a new case on Santiago's motion to vacate the sentence entered on April 28, 2010, in <u>United States v. Santiago</u>, Crim. No. 08-0478 (JHR) am. judgment (D.N.J. Apr. 25, 2010).

On August 29, 2011, Hector Santiago, an inmate incarcerated at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the failure of the Bureau of Prisons ("BOP") to grant him prior custody credit under 18 U.S.C. § 3585(b) for the 13 months he was on bail prior to commencement of his sentence. Alternatively, he argued that, if the BOP properly denied prior custody credit for this period, then this Court should grant him the credit because his guilty plea was unconstitutional where he was not advised prior to entry of

the plea that the 13 months he spent on bail would not be credited to his federal sentence by the BOP.

By Order and Opinion entered September 13, 2011, this Court summarily dismissed the Petition because the BOP did not abuse its discretion in denying Santiago's administrative request for credit against his federal sentence for the 13 months he was released on bond before his sentencing.  A federal prisoner is not "entitled to credit against his sentence under § 3585(b) for time when he was 'released' on bail pursuant to the Bail Reform Act of 1984," Reno v. Koray, 515 U.S. 50, 54 (1995).[1] In addition, because jurisdiction over Santiago's challenge to his guilty plea was not conferred by § 2241, the Court declined to recharacterize the motion as a motion to vacate the amended criminal judgment filed on April 21, 2010, see United States v. Santiago, Crim. No. 08-0478 (JHR) am. judgment (D.N.J. Apr. 25, 2010), pursuant to 28 U.S.C. § 2255.

Santiago was granted leave of 45 days to file a motion to have his challenge to the plea recharacterized as a motion to vacate pursuant to 28 U.S.C. § 2255.  In addition, Santiago was warned about the potential consequences of recharacterization, including: (1) that, if he chose to do so, he would lose his ability to file a "second or successive" § 2255 motion challenging the April 28, 2010, judgment on additional grounds, absent certification by the Third Circuit Court of Appeals as required by 28 U.S.C. § 2255(h); (2) that he would also have to decide whether this is the only ground he intended to raise under § 2255, or whether he wants to add additional federal claims to the § 2255

---

[1] The Court reasoned that, "under the language of the Bail Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" Id. at 57.

motion; and (4) if Santiago wanted to add additional grounds under § 2255, then he should withdraw the recharacterized § 2255 motion and file an amended § 2255 motion which set forth all federal grounds (including the challenge to the plea), within 45 days of the date of the entry of the Order accompanying the Opinion.  See Castro v. United States, 540 U.S. 375, 383 (2003); see also United States v. Miller, 197 F. 3d 644 (3d Cir. 1999).  This Court's Order further advised Santiago that, if he failed to respond within 45 days, then the Court would not recharacterize the challenge to the plea as a claim under 28 U.S.C. § 2255.

On October 12, 2011, Santiago executed a two and one-half page document entitled "PETITIONER'S NOTICE FOR CLARIFICATION OF HIS 28 USC § 2241 WRIT OF HABEAS CORPUS PETITION NOT BE RECHARACTERIZED AS A 28 USC § 2255 COMPLAINT AND FOR RECONSIDERATION UNDER Fed Rule Civ Proc 54(b)." (Dkt. 4 at 2.)  Santiago stated that he did not want to recharacterize his challenge to the guilty plea as a claim to vacate the sentence under 28 U.S.C. § 2255.  However, relying on United States v. Londono-Cardona, 759 F. Supp. 60, 63 (D. Puerto Rico 1991), he asked this Court to reconsider the dismissal of his challenge to the BOP's failure to grant him prior custody credit for the 13 months prior to commencement of the sentence while he was released on bail.

By Opinion and Order entered October 24, 2011, Petitioner's motion to reconsider the dismissal of his § 2241 challenge to the BOP's decision to deny prior

3

custody credit for the 13 months on bail was granted. However, after reconsideration of the merits, the Court dismissed the claim.[2]

On November 2, 2011, Santiago filed the present motion to recharacterize the challenge to his guilty plea as a motion to vacate under 28 U.S.C. § 2255. Santiago states in the motion:

> I Hector Santiago, (Petitioner), a pro-se indigent litigant Do Hereby respectfully request this Honorable Court to allow Petitioner to challenge the plea of April 21, 2010, pursuant to 28 U.S.C. § 2255 (New Judgm[]ent Entered/Challenged), which is the Court [n]ot advising Petitioner that the date, April 21, 2010, of the plea, Petitioner would (or) would not be credited the thirteen (13) months He spent on Home Incarceration/with Electronic Monitoring Bracelet, towards His Federal Sentence.
>
> \*                    \*                    \*
>
> IN this instant motion, it is Petitioner's contention that His Fifth and Fourteenth Amendment to the United States Constitution were violated at His sentencing on April 21, 2010 "(plea)", and that Rule 11 was disregarded, by the Court not advising Petitioner of the time spent on bail, [Home Incarceration], would (or) would not be credited towards His imminent Federal Sentence, this period in question accumulated to approx[imate]ly 13 months.

(Dkt. 7 at 2.)

In addition, Santiago argues that the one-year statute of limitations for filing a § 2255 motion be equitably tolled.

---

[2] The case on which Petitioner relied, i.e., United States v. Londono-Cardona, 759 F. Supp. 60, 63 (D. Puerto Rico 1991), was decided in 1991, four years before the Supreme Court held in Reno v. Koray, 515 U.S. 50 (1995), that a federal prisoner is not "entitled to credit against his sentence under § 3585(b) for time when he was 'released' on bail pursuant to the Bail Reform Act of 1984." Id. at 54.

     Santiago's motion to recharacterize is granted.  Santiago has not sought to add additional grounds under § 2255 or to file an amended § 2255 motion including additional grounds.  As a result, the Clerk shall open a new case entitled <u>Santiago v. United States</u>, and shall file the present motion (Docket Entry No. 7),  Santiago's 28 U.S.C. § 2255  motion to vacate the judgment entered April 28, 2010, in <u>United States v. Santiago</u>, Crim. No. 08-0478 (JHR) am. judgment (D.N.J. Apr. 25, 2010) under the new case number.  This Opinion and the accompanying Order shall be docketed as entry numbers 2 and 3, respectively.

                                                /s/ Joseph H. Rodriguez  
                                           **HON. JOSEPH H. RODRIGUEZ**,  
                                           United States District Judge

Dated: December 21, 2011